869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis DRAGOTTA, Defendant-Appellant.
 No. 88-7673.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 13, 1989.
Decided: Feb. 10, 1989.
 
 Christine E. Yaris (Michael Rosen, on brief), for appellants.
 Thomas F. O'Neil, III, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Louis Dragotta, was convicted by a jury of conspiracy to distribute cocaine and distribution of 500 grams or more of a mixture containing cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846 and 18 U.S.C. Sec. 2. He was sentenced to two concurrent seven-year terms of imprisonment.
 
 
 2
 Dragotta subsequently retained new counsel and moved to vacate his sentence pursuant to Fed.R.Civ.P. 60(b)(1) and (6). In support of his motion, Dragotta asserted that his trial counsel waived his right to an appeal without his authorization and did so in the face of meritorious issues.[1]
 
 
 3
 The merits of this case require very little of our attention. Rule 60(b)(1) allows relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6) grants relief from a judgment for any other reason justifying relief. Dragotta argues that "judgment" as used in Rule 60 means any judgment, civil or criminal. This argument is patently frivolous and borders on the irresponsible. Rule 1 of the Fed.R.Civ.P. governs the scope of the rules and specifically restricts the rules to civil cases: "These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity...." [Emphasis supplied].
 
 
 4
 Dragotta is attempting to use the civil rules in a criminal proceeding without any authority or basis for doing so, particularly in light of Rule 1 of the Fed.R.Crim.P., which states specifically that the criminal rules "govern the procedure in all criminal proceedings." [Emphasis supplied]. This is a criminal proceeding, and the civil rules do not apply.[2]
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Dragotta points to at least two viable issues for appeal: (1) the impropriety of the district court forcing him to trial with an attorney who was unprepared; and (2) the admission of cocaine found in his pocket when there was no evidence linking that cocaine to the kilogram of cocaine which was the basis of the indictment
 
 
 [2]
 In the future we caution counsel about making an argument which is totally lacking in merit or reasonableness as is the one in this case